**In the United States District Court
For the District of Columbia**

| | |
|---|---|
| JEAN BOUTCHER<br><br>and<br><br>THE EQUAL RIGHTS CENTER<br>11 Dupont Circle NW #4<br>Washington, DC 20036,<br><br>Individually, on Behalf of the Equal Rights Center's Members, and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>DISTRICT OF COLUMBIA,<br>OFFICE OF THE MAYOR<br><br>    Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case: 1:07-cv-01032<br>Assigned To : Lamberth, Royce C.<br>Assign. Date : 6/8/2007<br>Description: Civil Rights-Non Employ. |

Plaintiffs, on behalf of themselves and all others similarly situated, bring this action for damages, punitive damages, and injunctive relief under the discrimination and equal treatment laws of the United States, Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12165 ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Rehabilitation Act"), and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.* ("DC Human Rights Act"). Plaintiffs complain and allege upon personal knowledge, information, and belief, as follows:

## NATURE OF THE ACTION

1.  This action arises from the failure of the District of Columbia ("DC" or "the District"), the District of Columbia Income Management Agency ("IMA"), and/or other agencies, departments, and instrumentalities of the District (collectively "DC Government") to

provide accommodations to deaf and hearing-impaired persons such that they may adequately obtain the DC Government's services, benefits, activities, and programs.

2. Deaf and hearing-impaired persons attempting to obtain the DC Government's services, benefits, activities, and programs have experienced violations of their statutory, constitutional, and common-law rights resulting from the discriminatory practices of the DC Government in refusing to provide qualified sign language interpreters, teletypewriters ("TTYs"), video-text displays, assistive listening devices, and adequate hiring, training, and supervision of their employees in the provision and use of these auxiliary services.

3. Plaintiffs, on behalf of all deaf and hearing-impaired persons or persons regarded as having such a condition or disability who have attempted to use or avail themselves of the services, benefits, activities, and programs of the DC Government at any time during the period beginning January 1, 2004 to the present ("the Class"), bring this action to recover damages, injunctive relief, and punitive damages for violations of the laws of the United States and the District of Columbia. As further alleged herein, the District has refused to correct its discriminatory practices even with the knowledge that such practices were occurring and that they were violations of the law. As a result of the Defendant's unlawful actions, Plaintiffs have suffered financial loss, discrimination, frustration, humiliation, embarrassment, and exclusion from DC services, benefits, activities, programs, and requirements.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' ADA and Rehabilitation Act claims under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4) (2006).

5. This Court has supplemental jurisdiction over Plaintiffs' DC Human Rights Act claims under 28 U.S.C. § 1367(a) (2006). Plaintiffs' DC Human Rights Act claims are against

the same party and arise out of the same operative facts as the federal law claims.

6.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) (2006), because all of the acts giving rise to Plaintiffs' claims occurred in the District of Columbia.

## PARTIES

7.    Plaintiff Jean Boutcher is an individual residing at 3220 Connecticut Avenue NW #502, Washington, DC 20008.

8.    Plaintiff Equal Rights Center is a nonprofit 501(c)(3) organization, organized within the District in 1999 with its principal place of business at 11 Dupont Circle NW, Washington, DC 20036. The Equal Rights Center receives and investigates complaints of unlawful discrimination in housing, employment, and public accommodations. The Equal Rights Center's members include many individuals with disabilities who have attempted to use or avail themselves of the services, benefits, programs, and activities of the DC Government. Further, the Equal Rights Center's members include many individuals with disabilities who have an interest in combating persistent discriminatory practices that place many Washington area residents at a disadvantage or illegally deny them access to opportunity.

9.    Defendant District of Columbia is a municipal corporation that operates several agencies, departments, and instrumentalities, including the Income Management Agency. The District is a person within the meaning of the Civil Rights Act of 1871, 42 U.S.C. § 1983, a public entity within the meaning of Title II of the ADA, 42 U.S.C. § 12115, and its agencies, departments, and instrumentalities receive federal financial assistance within the meaning of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

10. IMA and other District departments, agencies, and instrumentalities are agents of Defendant District of Columbia.

## CLASS ACTION ALLEGATIONS

11. Plaintiffs bring this action on their own behalf and as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of the following Class:

> All deaf and hearing-impaired individuals and persons regarded as having such deafness or hearing-impairment who used, attempted to use, availed themselves, or attempted to avail themselves of any service, benefit, activity, program, or requirement that was provided, sponsored, administered, supported, or required by the District of Columbia or any of its departments, agencies, or instrumentalities at any time during the period beginning January 1, 2004 to the present, and all such individuals who did not use, attempt to use, avail themselves, or attempt to avail themselves of such services, benefits, activities, programs, or requirements during the same time period because they knew that their request for auxiliary services would be denied.

12. Because such information is in the exclusive control of the Defendant, Plaintiffs do not know the exact number of class members. Due, however, to the nature of the action and the numerous services, activities, benefits, programs, and requirements of the DC Government, Plaintiffs believe that Class members number at least in the thousands.

13. Because Class members may come from all over the Washington, DC Metropolitan area, the United States, and the world, and may have moved, changed status, or relocated since the time of their injuries, Plaintiffs believe that the Class is geographically widely dispersed.

14. Therefore, the Class members are sufficiently numerous and geographically dispersed so that joinder of all Class members is impracticable.

15. There are questions of law and fact common to the class, including:

    a. Whether Defendant denied qualified sign language interpreters to Class members attempting to use or avail themselves of the District's services, benefits, activities, programs, and requirements;

    b. Whether Defendant failed to provide TTY devices, video-text displays, assistive listening devices, and other aids to Class members attempting to use or avail themselves of the District's services, benefits, activities, programs, and requirements;

    c. Whether Defendant's alleged denials and failures violated Title II of the ADA, or Section 504 of the Rehabilitation Act, or both;

    d. Whether Defendant intentionally, knowingly, willfully, or maliciously discriminated against Plaintiffs and other members of the Class;

    e. Whether Defendant violated the District of Columbia Human Rights Act;

    f. Whether the Defendant's conduct, as alleged in this complaint, caused injury to the Plaintiffs and other members of the Class, and;

    g. The appropriate measure of damages sustained by the Plaintiffs and other members of the Class.

  16. Plaintiff Ms. Boutcher and members of Plaintiff Equal Rights Center are members of the Class. Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests are not antagonistic to those of other members of the Class. Plaintiffs are represented by counsel competent and experienced in civil rights and class action litigation.

  17. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief, or

both, with respect to the class as a whole.

18. The questions of law and fact common to the Class predominate over any questions affecting only individual members.

19. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class action treatment will also permit the adjudication of relatively small claims by many Class members who otherwise could not afford to litigate a discrimination, civil rights, or tort claim, or more than one of these claims, such as is asserted in this Complaint. This class action presents no difficulties in management that would preclude maintenance as a class action. Finally, the Class is readily definable and is one for which records of the names and addresses of the members of the Class exist in the Defendant's records and files.

## FACTUAL ALLEGATIONS

20. The District of Columbia is a municipal corporation that operates several agencies, departments, and instrumentalities, including the Income Management Agency.

### Ms. Boutcher

21. Ms. Boutcher is a deaf individual and a member of the Equal Rights Center. She cannot hear or understand speech. Ms. Boutcher relies on American Sign Language for effective in-person communication at meetings and interviews with government agencies.

22. In 1997, Ms. Boutcher began trying to receive Medicaid and Medicare benefits, low-income benefits, and a reduced prescription medication cost plan from the DC Income Management Agency ("IMA").

23. Ms. Boutcher asked for qualified sign language interpreters to be provided, but IMA refused. IMA informed Ms. Boutcher that they did not provide such services. Instead, Ms. Boutcher was told that her only method of in-person communication with IMA would be through handwritten notes.

24. Handwritten notes are not a means of effective communication with deaf individuals.

25. Over repeated visits since 1997, Ms. Boutcher has repeatedly requested a qualified sign language interpreter, but has never received one.

26. Ms. Boutcher has been unable to communicate with IMA via telephone. IMA Boutchers not have a teletypewriter ("TTY") device and has repeatedly ignored Ms. Boutcher's attempts to communicate on the phone using a telephone relay service for deaf individuals.

27. On July 21, 2006, IONA Senior Services, on Ms. Boutcher's behalf, notified Kate Jesberg, head of DC Human Services, IMA's parent agency, via e-mail about Ms. Boutcher's problems communicating with IMA. Ms. Jesberg responded on July 21, 2006 via e-mail, writing that "you were misinformed" and that "IMA can and will provide sign language interpretation." Ms. Jesberg characterized IMA's claim that it did not provide qualified sign language interpretation services as "incorrect."

28. On October 10, 2006, Sharon Cooper-DeLoatch, IMA's Acting Administrator, sent a letter to Ms. Boutcher apologizing for the difficulties that Ms. Boutcher faced in attempting to access IMA's services. Ms. Cooper-DeLoatch admitted that IMA's "breakdowns in communication" and "lack of customer service" had resulted in "protracted difficulties" for Ms. Boutcher. Ms. Cooper-DeLoatch also noted that IMA's TTY service is not operational, but assured Ms. Boutcher that she was "working" on it.

29. Still, no qualified interpreter or TTY has been provided and IMA instead decided to "remedy" its past violations by re-activating and expediting Ms. Boutcher's application for Medicaid benefits. Ms. Boutcher, however, has continued to ask for and been denied qualified sign language interpretation services throughout her ordeal. IMA's actions have not remedied its continuing failure to provide the same service to Ms. Boutcher as it provides to other individuals.

30. Ms. Boutcher continues to receive less than her full eligible Medicare and Medicaid reductions and benefits and does not fully understand her rights and responsibilities under these programs as a result of IMA's failure to provide an qualified sign language interpreter and IMA's failure to use a TTY or accept telephone calls from telephone relay services for deaf individuals.

31. Ms. Boutcher has also suffered financial loss, frustration, humiliation, emotional pain and suffering, anxiety, trauma, and embarrassment resulting from her ordeal with IMA.

### Class Action Allegations

32. According to statistics released by Gallaudet University in July 2004, there are over 25,000 deaf and hearing-impaired individuals living in the District alone. There are over 215,000 deaf and hearing-impaired individuals living in Maryland and over 287,000 deaf and hearing-impaired individuals living in Virginia. According to statistics released by the United States Census Bureau in 2004, over nine million people living in the United States are deaf or hearing-impaired.

33. Many of the individuals indicated in the above paragraph have, since January 1, 2004, attempted to use or avail themselves of services, programs, and activities of the DC Government. Furthermore, many of the individuals indicated in the above paragraph have

refrained from using many of the DC Government's services, programs, and activities because the DC Government has failed to provide appropriate auxiliary aids and services to allow those individuals to effectively communicate with DC Government employees and personnel.

34. Many of the above individuals rely on American Sign Language ("ASL") or other forms of sign language for communication in person. Also, many of the above individuals rely on teletypewriters ("TTYs") for telephone communication and such devices as video-text displays and assistive listening devices for other types of communication.

35. These deaf and hearing-impaired individuals have had similar experiences to those of Ms. Boutcher. Thus, Ms. Boutcher's claims are representative of those of the Class.

36. Since January, 2004, many individuals have been unable to communicate with the District and certain of its agencies, departments, and instrumentalities due to the District's and its agencies', departments', and instrumentalities' failure to provide appropriate aids and auxiliary services, including qualified sign language interpreters, TTYs, video-text displays, or assistive listening devices, or their failure to provide more than one of the above.

37. Many of these individuals have suffered frustration, humiliation, emotional pain and suffering, anxiety, trauma, and embarrassment resulting from their ordeals dealing with the District, its departments, its agencies, and its instrumentalities.

## COUNT I

### (Discrimination on the Basis of Disability in Violation of the Americans with Disabilities Act)

38. Paragraphs 1-37 are incorporated as if fully restated herein.

39. Defendant District of Columbia is a public entity within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1)(A).

40. The District's departments, agencies, and instrumentalities, including IMA, are

public entities within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1)(B).

41.   Ms. Boutcher's deafness, as well as the deafness and hearing impairment of the other Class members, are disabilities within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).

42.   Ms. Boutcher and the other Class members are qualified individuals with a disability within the meaning of Title II of the ADA, 42 US.C. § 12131(2).

43.   Under Title II of the ADA, Ms. Boutcher and the other Class members at all relevant times had a right not to be subjected to discrimination on the basis of their disabilities by the District or any of its departments, agencies, or instrumentalities. 42 U.S.C. § 12132.

44.   The District, through itself and its agencies, departments, and instrumentalities, including IMA, acting under color of DC law, subjected Ms. Boutcher and other Class members to discrimination based on their disabilities, in violation of their rights under the ADA, by failing to provide a qualified American Sign Language interpreter, failing to provide TTYs, video-text displays, assistive listening devices, or other methods of communication with persons with the deaf and hearing impaired. This failure on the District's part to provide for effective communication with hearing individuals with disabilities denied and continues to deny, solely on the basis of their disabilities, Ms. Boutcher and other Class members the same access to services, benefits, activities, programs, and requirements of the District that are granted to other individuals who communicate with the District and its agencies, departments, and instrumentalities.

45.   On information and belief, it is the practice of the District and its agencies, departments, and instrumentalities not to provide qualified sign language interpreters or effective means of communication to deaf persons that the District comes in contact with, including but not limited to deaf individuals who seek to use or avail themselves of the services, activities,

benefits, programs, and requirements of the District.

46. As a proximate result of the District's violations of Plaintiffs' rights under the ADA, Plaintiffs have suffered and continue to suffer from discrimination, unequal treatment, exclusion, violations of their rights under the United States Constitution, financial loss, frustration, humiliation, emotional pain and suffering, anxiety, trauma, and embarrassment.

47. The District's continuing failure to provide appropriate auxiliary aids and services, including qualified sign language interpreters, TTYs, video-text displays, assistive listening devices, and other means to ensure effective communication with deaf and hearing-impaired persons continues to inflict harm, including discrimination, unequal treatment, exclusion, denial of public assistance, violations of their rights under the United States Constitution, financial loss, frustration, humiliation, emotional pain and suffering, anxiety, trauma, and embarrassment upon the Plaintiffs. Plaintiffs are likely to suffer further such harm as a result of the District's violations of the ADA. Because Plaintiffs will continue to reside in the District or continue to attempt to use or avail themselves of the services, benefits, activities, programs, and requirements of the District, or both, Plaintiffs are likely to require further assistance in their communications with the District.

48. Plaintiffs have a right of action under the ADA, 42 U.S.C. §§ 12132-12133.

49. The District is liable to Plaintiffs for harms suffered.

## COUNT II

**(Discrimination on the Basis of a Disability in Violation of the Rehabilitation Act)**

50. Paragraphs 1-49 are incorporated as if fully restated herein.

51. Defendant District of Columbia receives Federal financial assistance.

52. Defendant District of Columbia distributes Federal financial assistance to its

departments, agencies, and instrumentalities.

53. On information and belief, Defendant District of Columbia's departments, agencies, and instrumentalities receive Federal financial assistance.

54. Defendant District of Columbia employs more than fifteen persons.

55. The operations of Defendant District of Columbia and its departments, agencies, and instrumentalities are a "program or activity" within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(b)(1)(A).

56. Ms. Boutcher's deafness and the deafness and hearing impairment of other Class members are disabilities within the meaning of the Rehabilitation Act, 29 U.S.C. § 706(8).

57. Plaintiffs are qualified individuals with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 706(8).

58. Under the Rehabilitation Act, Plaintiffs have and at all relevant times had a right not to be discriminated against solely on the basis of their disabilities by the District or any of its agencies, departments, or instrumentalities. 29 U.S.C. § 794(a).

59. The District, through itself and its agencies, departments, and instrumentalities, including IMA, acting under color of DC law, subjected Ms. Boutcher and other Class members to discrimination based on their disabilities, in violation of their rights under the Rehabilitation Act, by failing to provide a qualified American Sign Language interpreter and failing to provide TTYs, video-text displays, assistive listening devices, or other methods of communication with person with hearing disabilities. This failure on the District's part to provide for effective communication with individuals with disabilities denied and continues to deny, solely on the basis of their disabilities, Ms. Boutcher and other Class members the same access to services, benefits, activities, programs, and requirements of the District that are granted to other

individuals who communicate with the District and its agencies, departments, and instrumentalities.

60. On information and belief, it is the practice of the District and its agencies, departments, and instrumentalities not to provide qualified sign language interpreters or effective means of communication to deaf persons that the District comes in contact with, including but not limited to deaf individuals who seek to use or avail themselves of the services, benefits, activities, programs, and requirements of the District.

61. As a proximate result of the District's violations of Plaintiffs' rights under the Rehabilitation Act, Plaintiffs have suffered and continue to suffer from discrimination, unequal treatment, exclusion, violations of their rights under the United States Constitution, financial loss, frustration, humiliation, emotional pain and suffering, anxiety, trauma, and embarrassment.

62. The District's continuing failure to provide qualified sign language interpreters, TTYs, video-text displays, assistive listening devices, and other effective means of communication with deaf and hearing-impaired persons continues to inflict harm, including discrimination, unequal treatment, exclusion, denial of public assistance, violations of their rights under the United States Constitution, financial loss, frustration, humiliation, emotional pain and suffering, anxiety, trauma, and embarrassment upon the Plaintiffs. Plaintiffs are likely to suffer further such harm as a result of the District's violations of the Rehabilitation Act. Because Plaintiffs will continue to reside in the District or continue to attempt to use or avail themselves of the services, benefits, activities, programs, and requirements of the District, or both, Plaintiffs are likely to require further assistance in their communications with the District.

63. Plaintiffs Ms. Boutcher and the other Class members have a right of action under the Rehabilitation Act, 29 U.S.C. § 794(a).

64. The District is liable to Plaintiffs for harms suffered.

## COUNT IV

### (Violation of the District of Columbia Human Rights Act)

65. Paragraphs 1-64 are incorporated as if fully restated herein.

66. Defendant District of Columbia, is subject to the District of Columbia Human Rights Act, D.C. Code § 2-1402.73.

67. Plaintiffs are individuals with disabilities within the meaning of the Human Rights Act, D.C. Code § 2-1401.02(5A).

68. Through its failure to provide qualified sign language interpreters, TTYs, video-text displays, assistive listening devices, auxiliary aids and services, and other effective means of communication for deaf and hearing-impaired individuals, the District has limited and refused to provide and continues to limit and refuse to provide facilities, services, programs, and benefits to Plaintiffs on the basis of Plaintiffs' disabilities.

69. On information and belief, it is the practice of the DC Government not to provide deaf and hearing-impaired individuals with effective means of communication, such as qualified sign language interpreters, TTYs, video-text displays, assistive listening devices, auxiliary aids and services, and other effective means of communication, with DC Government agencies, departments, and instrumentalities.

70. Because of the District's violations of Plaintiffs' rights under the District of Columbia Human Rights Act, Plaintiffs have suffered and continue to suffer harm through financial loss, denial of benefits and services, frustration, humiliation, emotional pain and suffering, anxiety, trauma, and embarrassment. As a result of the District's ongoing violations,

Plaintiffs are likely to suffer further harm as a result of ineffective communication and denial of facilities, services, programs, and benefits in the future. Plaintiffs will continue to need to use or avail themselves of the District's facilities, services, programs, and benefits.

71. Plaintiffs have a right of action under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.*

72. The District is liable to Plaintiffs for harms suffered.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that:

A. The Court determine that this action may be maintained as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3);

B. The Court adjudge and decree that Defendant has violated and continues to violate Title II of the ADA, Section 504 of the Rehabilitation Act, and the District of Columbia Human Rights Act;

C. The Court enter such declaratory and injunctive relief against the Defendant and in favor of Plaintiffs and the Class as it deems appropriate to remedy past violations of the laws of the United States and the District of Columbia and to prevent future violations of the same;

D. Judgment be entered against Defendant in favor of Plaintiffs and the Class for such compensatory damages as suffered by all Plaintiffs and Class members in an amount to be determined at trial;

E. Judgment be entered against Defendant in favor of Plaintiffs and the Class for punitive damages in an amount to be determined at trial;

F. Judgment be entered against Defendant in favor of Plaintiffs and the Class for the

costs of litigation including reasonable attorneys' fees, and;

    G.    The Court award Plaintiffs and the Class any further relief the Court deems appropriate.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all of the claims asserted in this complaint so triable.

Dated: June 8, 2007

Respectfully Submitted,

By: _____
Harriet A. Lipkin (DC Bar #434225)
**DLA PIPER US LLP**
1200 Nineteenth Street, NW
Washington, DC 20036-2412
Telephone: (202) 861-3967
Facsimile: (202) 223-8481

_____
E. Elaine Gardner (DC Bar #271262)
**WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS
AND URBAN AFFAIRS**
11 Dupont Circle, NW Suite 400
Washington, DC 20036
Telephone: (202) 319-1000
Facsimile: (202) 319-1010

Attorneys for Plaintiffs
JEAN BOUTCHER and
THE EQUAL RIGHTS CENTER

07-1032
RCL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Jean Boutcher and
The Equal Rights Center  //oc/

## DEFENDANTS
District of Columbia, Office of the Mayor

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ___DC___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___DC___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Harriet A. Lipkin
Forrest W. Treat
DLA Piper US LLP
1200 Nineteenth Street NW
Washington, DC 20036
(202) 861-3967

Elaine Gardner
Washington Lawyers' Committee for
Civil Rights & Urban Affairs
11 Dupont Circle NW, Suite 400
Washington, DC 20036
(202) 319-1000

Case: 1:07-cv-01032
Assigned To: Lamberth, Royce C.
Assign. Date: 6/8/2007
Description: Civil Rights-Non Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⦿ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ⊙ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☒ 446 Americans w/Disabilities- Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title II of the Americans with Disabilities Act - Class Action on behalf of deaf individuals for failure to provide effective means of communication with gov't

**VII. REQUESTED IN COMPLAINT** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** Amount to be Determined  Check YES only if demanded in complaint  **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒  If yes, please complete related case form.

DATE 6/8/07  SIGNATURE OF ATTORNEY OF RECORD _Hamid C___

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

